# FORM A

Rev. 10/10

**CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER UNDER 42 U.S.C. § 1983 or UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**FILED**
JAMES J. VILT, JR. - CLERK
JUN 25 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Jacob Josiah Mills
Josiah

(Full name of the Plaintiff(s) in this action)

v.

Sgt. Arispe, Emilio
Jailer Lewis, Mike
Officer Ford, Tyler
Officer Knierim, Kyle

(Full name of the Defendant(s) in this action)

CIVIL ACTION NO. 4:25-CV-53-JHM
(To be supplied by the clerk)

(✓) DEMAND FOR JURY TRIAL

( ) NO JURY TRIAL DEMAND
(Check only one)

## I. PARTIES

**(A) Plaintiff(s).** Place the full name of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

(1) Name of Plaintiff: Jacob Josiah Mills

Place of Confinement: Hopkins Co. Jail

Address: PO Box 1030 2250 Laffoon Trail Madisonville KY 42431

Status of Plaintiff: CONVICTED ( ) PRETRIAL DETAINEE (✓)

(2) Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED (__)   PRETRIAL DETAINEE (__)

(3) Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED (__)   PRETRIAL DETAINEE (__)

**(B) Defendant(s).** Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued. Repeat this procedure for each additional Defendant named, if any.

(1) Defendant **Emilio Arispe** is employed as **Correction Officer** at **Hopkins Co. Jail**.

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(2) Defendant **Mike Lewis** is employed as **Jailer** at **Hopkins Co Jail**.

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(3) Defendant **Officer Ford, Tyler** is employed as **Correctional Officer** at **Hopkins County Jail**.

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(4) Defendant **Officer Knierim, Kyle** is employed as **Correctional Officer** at **Hopkins County Jail**.

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

2

(5) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (___) individual and/or (___) official capacity.

## II. PREVIOUS LAWSUITS

(A) Have you begun other lawsuits in State or Federal court dealing with the <u>same facts</u> involved in this action? YES (___) NO (✓)

(B) If your answer to "A" is YES, describe the lawsuit in the spaces below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.

Parties to the previous lawsuit:

    Plaintiff(s): _____

    _____

    Defendant(s): _____

    _____

Court (if federal court, name the district. If state court, name the county):

_____

Docket number: _____

Name of judge to whom the case was assigned: _____

Type of case (for example, habeas corpus or civil rights action): _____

Disposition (for example, Was the case dismissed? Is it still pending? Is it on appeal?):

_____

Approximate date of filing lawsuit: _____

Approximate date of disposition: _____

Claims: Sgt. Arispe — Excessive Force, Assault, Battery
Officer Tyler Ford — False Testimony, Failure to Intervene in Unlawful Excessive Force
Officer Kyle Knierim — False Testimony, Failure to Intervene in Unlawful Excessive Force
Jailer Mike Lewis — Negligence Per Se, Inadequate Training of Deputies

## III. STATEMENT OF CLAIM(S)

State here the FACTS of your case. State how you believe your constitutional rights were violated. Describe how each Defendant violated your rights. And set forth the dates on which each event took place. Do not make legal arguments or cite cases or statutes. However, identify the constitutional right(s) you allege was/were violated. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.

On or about April 22nd at approximately 20:00 hrs, while I was being processed into the Hopkins County Jail, I was violently assaulted by Sgt. Arispe while Officer Tyler Ford and Kyle Knierim stood by and watched this blatant demonstration of excessive force, assault, battery and absolute negligence. This improper use of such force was an unnecessary display of malicious police misconduct while two fellow officers spectated, without stopping this felony assault.

While I was "handcuffed", I was not only unnecessarily beaten repeatedly without any justification until I was unconscious, I was also tazed. I suffered a severe concussion and neurological damage to my right eye and right ear. I received multiple stitches to my right eye and my right ear was so mangled it had to be completely reconstructed.

After I regained consciousness in the ambulance, Sgt. Arispe, who was the watch officer for the evening, found it necessary to abandon his post and ride with me to the Emergency Room so he could try and manipulate the intake process and try and convince the medical staff that I was already in this condition when the arresting officers delivered me to the Hopkins County Jail.

Sgt. Arispe claimed in his incident report that all he did was "guide myself through the hallways and that he used 'open soft hands'".
He also claims that allegedly that he "lost his footing and fell" and I came down with him and was suddenly "nonresponsive". (See attached incident report)

Grievance appeal process was exhausted on this matter.

(Please see attached)

Also, Hopkins County Jails administration was put on notice to preserve all video footage on May 6, 2025 and responded on May 7, 2025 that all footage was preserved.

4

### III. STATEMENT OF CLAIM(S) continued

* ALONG WITH SGT. ARISPE BEING NAMED FOR THE USE OF EXCESSIVE FORCE, ASSAULT AND BATTERY. ALSO NAMED IN THIS SUIT IS FELLOW PEACE OFFICERS AND SUBORDINATES WORKING THAT EVENING, OFFICER TYLER FORD AND KYLE KNIERIM FOR THE CONSPIRACY TO INTENTIONALLY INTERFERE AND ALTER FAIR ADMINISTRATION OF JUSTICE. INCLUDING, BUT NOT LIMITED TO GIVING FALSE TESTIMONY (SEE ATTACHED INCIDENT REPORT) IN A MANNER THAT COMPROMISES THE INTEGRITY OF AN INVESTIGATION AND THE FAILURE TO INTERVENE WHEN IT IS SAFE AND PRACTICAL TO DO SO IN ANY CIRCUMSTANCE WHERE IT IS CLEAR AND APPARENT TO THE PEACE OFFICER THAT ANOTHER PEACE OFFICER IS ENGAGING IN THE USE OF UNLAWFUL AND UNJUSTIFIED EXCESSIVE OR DEADLY FORCE.

* FINAL PERSON NAMED IN THE SUIT: MIKE LEWIS (JAILER) KENTUCKY RULE STATUTES STATES THAT THE JAILER SHALL BE LIABLE FOR THE ACTS OR OMISSIONS OF HIS DEPUTIES, IF THE ACT WHICH THE INJURY RESULTED WAS AN OFFICIAL ACT, THE JAILER IS ANSWERABLE, BUT THE JAILERS NOT RESPONSIBLE FOR THE PERSONAL ACTS OF HIS DEPUTY. THE LAW IMPOSES THE DUTY ON THE JAILER TO EXERCISE REASONABLE AND ORDINARY CARE AND DILIGENCE TO PREVENT UNLAWFUL INJURY TO A PRISONER PLACED IN HIS CUSTODY, BUT CANNOT BE CHARGED WITH NEGLIGENCE IN FAILING TO PREVENT WHAT HE COULD NOT REASONABLY ANTICIPATE. A SINGLE TRAGIC INCIDENT INVOLVING JAIL PERSONNEL IS NOT SUFFICIENT TO ESTABLISH A CLAIM OF INADEQUATE TRAINING.

WE DISPUTE IN THIS SUIT THAT THE JAILER, MIKE LEWIS, WAS MORE THAN AWARE OF THIS ONGOING SITUATION WITH SGT. ARISPE AND HIS VOLATILE LACK OF EMOTIONAL CONTROL. THIS HAS BEEN A CONTINUOUS PROBLEM FOR THE PAST FEW YEARS AND HAS BEEN DOCUMENTED. BUT THE JAILER AND HIS ADMINISTRATIONS FAILURE TO ADDRESS THIS SITUATION CONSTITUTES NEGLIGENCE PER SE. WE BELIEVE THAT IF A THOROUGH AND EXHAUSTIVE DISCOVERY IS EXECUTED PRIOR TO THE JAILER HAVING THE OPPORTUNITY TO COMPROMISE PERTINENT EVIDENCE, THE RECORDS WILL CLEARLY REFLECT.

5

IV. **RELIEF**

State exactly what you want the Court to do for you. (If you seek relief which affects the fact or duration of your imprisonment (for example: release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.) The Plaintiff(s) want(s) the Court to:

✓ award money damages in the amount of $ __100,000.00__

___ grant injunctive relief by _____

✓ award punitive damages in the amount of $ __500,000.00__

___ other: _____

V. **DECLARATION UNDER PENALTY OF PERJURY**
(each Plaintiff must sign for him/herself)

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This __19th__ day of __June__, 20__25__.

_____ /s/ Jacob J. Mills _____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

_____
(Signature of additional Plaintiff)

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on __19 June 2025__.

_____ /s/ Christopher Fugate _____
(Signature)

CHRISTOPHER FUGATE
NOTARY PUBLIC
STATE AT LARGE
KENTUCKY
COMMISSION # KYNP68174
MY COMMISSION EXPIRES 05/08/2028

6

Jacob Mills
Hopkins Co. Jail
2250 LaFoon Trail
P.O. Box 1030
Madisonville, Ky 42431

U.S. District Court, Clerks Office
423 Frederica St Suite 126
Owensboro, Ky 42301-3013

LOUISVILLE KY 402
MON 23 JUN 2025 PM